



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 1 9 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TY, INC. | § | |
| | § | |
| | § | **Civil Action No.** |
| Plaintiff, | § | **3:CV-98-1734-P** |
| v. | § | |
| | § | |
| LAUX DESIGNS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF TY INC.'S MOTION TO COMPEL
## AND BRIEF IN SUPPORT

PLAINTIFF TY INC. ("Ty") files this Motion to Compel and Brief in Support and shows the Court as follows:

1.    Ty moves this Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling Laux Designs, Inc. ("Laux Designs") to produce all documents responsive to Ty's post-judgment Requests for Production and to fully and completely answer all post-judgment Interrogatories. A brief in support of this motion is submitted herewith.

### FACTUAL BACKGROUND AND REQUEST FOR RELIEF

2.    The underlying lawsuit in this case involved Laux Designs' copyright and trademark infringement, dilution, and unfair competition by manufacturing, advertising, distributing, selling and offering for sale calendars containing photographs of Ty's BEANIE BABIES® plush toys.

3.    On September 19, 1998, this Court granted a preliminary injunction against Laux Designs. Thereafter, on or about May 27, 1999, the parties executed a Final Consent Decree ("Decree") in which Laux Designs agreed, among other things, to pay royalties to Ty on the past sales of the infringing items. After Laux Designs defaulted under the Decree, this Court entered a

Final Judgment against Laux Designs on December 15, 2000, in the amount of $201,664.00, plus interest. *See* Exh. A (Final Judgment).[1] To date, this judgment remains unpaid and owing. Ty has been unsuccessful in locating any assets of Laux Designs on which to execute.[2]

4.    On April 6, 2001, Ty served post-judgment Requests for Production and Interrogatories in aid of enforcement on Laux Designs, in accordance with Federal Rules of Civil Procedure 33, 34 and 69. Ty's discovery requested relevant documents and information concerning Laux Designs' assets and liabilities. *See* Exh. C (Ty's Requests for Production to Laux Designs) and Exh. D (Ty's Interrogatories to Laux Designs).

5.    Laux Designs served responses on May 7, 2001, but no documents were initially produced. *See* Exh. E (Resp. to Request for Production) and Exh. F (Resp. to Interrogatories). In an attempt to obtain responsive items, Ty contacted Laux Designs' counsel by telephone and sent letters on May 14, 17, 21, and June 1, 2001. *See* Exh. G1, G2, G3, G4 (Letters to Laux Designs). Ty informed Laux Designs of its intent to seek court intervention, if necessary, to obtain proper responses and responsive documents.[3] *See* Exh. G2, G4. Despite Laux Designs' failure to object to the production of responsive materials as designated at Ty's counsel's offices in Dallas, Laux Designs still has not produced all responsive documents. Ty has made concerted, repeated efforts

---

[1] True and correct copies of all exhibits herein are attached to the Appendix and incorporated by reference.

[2] On or about April 10, 2001, a writ of execution was issued to be levied on Laux Designs' property. *See* Exh. B (Writ of Execution). Although the writ has not yet expired as of the date of filing of this Motion, Ty anticipates it will be returned *nulla bona*.

[3] On May 14, 2001, Ty requested that documents responsive to its Requests be produced by May 17, 2001, which was ten (10) days after the original due date. (*See* Exh. G1.) On May 17, Ty requested documents again and supplemental answers and advised of its intent to seek court intervention, if necessary. (*See* Exh. G2.) On May 21, Ty requested a response concerning Laux Designs' intent to supplement its incomplete responses. (*See* Exh. G3.) One day later, Laux Designs produced documents only. On June 1, Ty notified Laux Designs of its intent to file a Motion to Compel and requested "an immediate response to avoid the necessity of court intervention." (*See* Exh. G4.) Laux Designs did not contact Ty until approximately six days later. On June 12, additional documents, such as Laux Designs' 2000 tax return (dated March 20, 2001), were produced.

over a period of a month to attempt to resolve its discovery disputes by agreement. Nonetheless, Laux Designs has also failed to supplement certain incomplete responses to Ty's Interrogatories.

6.      Pursuant to Federal Rule of Civil Procedure 37(a), Ty moves this Court for an order overruling Laux Designs' objections and compelling Laux Designs to produce all documents responsive to the referenced Requests and to fully and completely answer all Interrogatories. Rule 37 also provides that if a Motion to Compel discovery is granted, the Court **shall** require the party whose conduct necessitated the motion or his attorney to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the Court finds that the opposition to the motion was substantially justified. *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981) (emphasis added) (award of expenses mandatory against party whose conduct necessitated motion and who lacked substantial justification opposing motion). In this case, there can be no justification for Laux Designs' conduct concerning Ty's discovery. Ty requests an award of $2,200.00 for its reasonable attorney's fees and expenses incurred in preparing and filing this motion. *See* FED. R. CIV. P. 37(a)(4).

## ARGUMENTS AND AUTHORITIES[4]

7.      The burden is on the party seeking to avoid discovery to prove the basis for exemption or immunity to produce evidence supporting that claim. *State v. Lowry*, 802 S.W.3d 669, 671 (Tex. 1991); *see* TEX. R. CIV. P. 166b(4). This includes proving that the requested information is not relevant. *Valley Forge Ins. Co. v. Jones*, 733 S.W.2d 319, 321 (Tex. App.–Texarkana 1987, orig. proceeding). A party whose discovery was answered incompletely, evasively or by objections may move the court for an order to compel discovery. *See* FED. R. CIV. P. 37(a)(2)(B).

---

[4] A judgment creditor in federal court may obtain discovery from any person or entity in accordance with the Federal Rules of Civil Procedure or the practice of the state in which the court sits. *See* FED. R. CIV. P. 69; *see* TEX. R. CIV. P. 621a (creditor may obtain information to aid in the enforcement of a judgment). Thus, both federal and Texas state cases are instructive as to the discovery issues presented in this Motion.

8.    As to post-judgment discovery, relevant or 'material' evidence under Texas law includes any information that would aid in the enforcement of the judgment. *See Jampole v. Touchy*, 673 S.W.2d 579, 573 (Tex. 1984); *see Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 376 (Tex. App.–Corpus Christi 1991,orig. proceeding) (discovery sought of corporate director's other business interests in order to determine where assets of judgment proof corporation might have been transferred was "clearly relevant" to creditor's post-judgment quest for assets on which to execute). It is also well established that creditors have broad discretion to discover a judgment debtor's assets. *See Monticello Tobacco Co., Inc. v. American Tobacco Co.,* 12 F.R.D. 344 (S.D.N.Y. 1952), *aff'd*, 197 F.2d 629 (2nd Cir. 1952), *cert. denied,* 344 U.S. 875 (1958) (judgment creditors must be given freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor).

**Requests for Production**:   **The Documents Sought are Relevant to Aid in the Enforcement of Ty's Judgment**

9.    Laux Designs asserted one of three responses to each Request for Production:  (1) "Defendant agrees to produce all documents responsive"; (2) "there are no documents responsive" (not addressed in this Motion); or (3) Laux Designs merely objected without answering.   The following global, 'boilerplate' objection was also raised as to <u>each</u> Request:

> "Defendant objects to the definition the word "you" as defined herein on the basis that it is overly broad, would require Defendant to produce information that is irrelevant and not calculated to lead to the discovery of admissible evidence and on the basis that it constitutes a fishing expedition which is not allowed under the Federal Rules of Civil Procedure."[5]  (*See* Exh. E).

10.    In addressing this 'boilerplate' objection first, Laux Designs' responses fail to show how Ty's  Requests are overly broad or irrelevant.   Each Request, as defined, seeks relevant

---

[5] As defined, "you" refers to "Laux Designs, Inc., your present and former agents, servants, employees, attorneys, representatives, partners, officers, directors, employees, consultants, assigns and all other persons controlled by or acting or purporting to act on your behalf." (*See* Exh. C).

information in aid of Ty's enforcement of its judgment. In the underlying lawsuit, Pamela Laux, president of Laux Designs, acknowledged that Laux Designs is a "small, part-time, family owned enterprise....managed and operated primarily by [Pamela Laux], with help from my husband, from our home." *See* Exh. H (Sworn Decl. of P. Laux, dated June 30, 1998, p. 4). As such, Ty's Requests would presumably impose a fairly limited 'burden.' Ty is also entitled to broad post-judgment discovery that would aid in the enforcement of the judgment. The Court should, therefore, overrule all of Laux Designs' objections and require full and complete responses to Ty's Requests for Production as shown below:

### A. Laux Designs is Withholding Documents It Has Agreed to Produce

11.     Although Laux Designs expressly "agree[d] to produce all documents responsive to" the following Requests, (see Exh. E), no such documents have been provided:

--      Request No. 13: "All documents relating to any judgment recovered by you or a related entity against any person or entity whatsoever."

--      Request No. 27: "All documents relating to any interest owned or claimed by you in a patent, copyright, trademark, service mark, franchise, invention, royalty agreements, or any other such license of any type whatsoever."

--      Request No. 36: "All documents that concern, refer or relate to all real property, personal property or other property owned by you that you claim as exempt from claims of your creditors."

--      Request No. 49: "All documents reflecting your current creditors and the amounts owed to each."

12.     There can be no justification for Laux Designs' refusal to produce such documents. Ty specifically and repeatedly brought these deficiencies to Laux Designs' attention. *See* Exh. G2, G4. Its failure could not have been the result of mere oversight or inadvertence. Laux Designs has also refused to comply with its agreement and failed to produce relevant, discoverable documents.

13.     Additionally, Laux Designs produced incomplete documentation in response to the

following <u>agreed</u> document requests:

--      Request No. 4: "All documents evidencing the secured indebtedness, if any, of you,
        including, but not limited to, any checks, drafts, negotiable instruments, promissory
        notes, mortgages, I.O.U.'s, deeds of trust or security agreements executed by or on
        behalf of you."
        In response, Laux Designs produced copies of some but not all checks.  No other
        such documents reflecting secured indebtedness were provided.

--      Request No. 7: "All financial statements, cash flow statements or income statements
        prepared for or by you within the last five (5) years and all schedules supporting same
        or work papers used in the preparation of same."
        (Ty acknowledges that it seeks responsive documents from October 3, 1997 to the
        present.  No responsive documents were produced as to Laux Designs' current
        finances.

--      Request No. 12:  "All documents including without limitation bank statements
        relating to all accounts, whether checking, savings, trust, brokerage, or other accounts
        on which you have ownership, signature and/or withdrawal authority, including all
        canceled checks for the past five years."
        It appears that bank statements have not been produced for the following periods:
        November 7, 1998 to December 8, 1998; January 8, 1999 to August 9, 1999; October
        9, 1999 to November 8, 1999; February 9, 2000 to April 7, 2000; and May 9, 2000
        to the present. Canceled checks were not produced in accordance with this Request.

--      Request No. 14:  "All documents relating to the receipt of income, gifts, or other
        monetary benefits from any source whatsoever by you within the three years."
        Although tax returns were produced for tax years prior to and including 2000, no
        documents show Laux Designs' receipt of income, gifts or other monetary benefits
        for the current year. Laux Designs' former and current assets are relevant to Ty's
        attempt to enforce its judgment.

--      Request No. 28: "All documents relating to any debts owed to you by any person or
        entity whatsoever, including, but not limited to, promissory notes, and accounts
        receivable;" and
--      Request No. 41: "Any documents that contain any statement or reference to your
        financial condition."
        As to Request Nos. 28 and 41, no documents were produced which relate to any
        current debts owed or to Laux Designs' current financial condition.  Documents
        reflecting Laux Designs' finances since October 3, 1997 to the present are relevant
        and discoverable.

14.     In light of the broad scope of relevancy in the context of post-judgment discovery,

Laux Designs should be required to produce "<u>all</u> documents responsive" to the foregoing Requests.

**B. Laux Designs' Refusal to Produce Discoverable Items is Groundless**

15.     Notwithstanding the above deficiencies, Laux Designs has refused altogether to produce documents relating to:  all business transactions (Request No. 32); all property owned (or subject to an ownership interest) (Request No. 38); all indebtedness and liabilities (Request No. 39); its monthly business or other expenses (Request No. 43); and its corporate meetings and minutes (Request No. 50).[6]  As to these Requests, Laux Designs asserted 'standard' objections which can only be viewed as boilerplate: "overly broad, vague, and unduly burdensome." *See* Exh. E.

16.     The burden is on Laux Designs, as the party seeking to avoid discovery, to prove the basis for exemption from complying with Ty's discovery requests. *See State v. Lowry*, 802 S.W.3d at 671; *see* Tex. R. Civ. P. 166b(4).  The standard by which Ty's discovery is measured is whether Ty seeks information that would aid in enforcing the judgment or would lead to the discovery of information relevant to aid in enforcing the judgment. *See Jampole*, 673 S.W.2d at 573.

17.     As with its other meritless objections, these, too, must be overruled.  First, Laux Designs' responses fail to show how Ty's discovery imposes an undue burden.  Ty asserts that this is because Laux Designs would not be unduly burdened.  Second, Ty seeks discovery of documents covering a definite, limited period of time.  Third, because of Pamela Laux's 'intimate' relationship with the corporation -- it is solely owned by Pamela Laux, who is also the corporation's sole officer and director -- responsive documents would presumably be easily obtained by this key individual. *See* Exh. F.  Thus, Ty's discovery requests are not objectionable.

---

[6] Ty requested production of the following: "All documents, including but not limited to checkbooks, books, ledgers, memos and other written documents, of any type relating to any business transaction made by you within the past five years" (Request No. 32); "All documents evidencing or relating to any item of property owned by you or in which you have an interest, other than that listed in the above items" (Request No. 38); "All documents evidencing or relating to any indebtedness of you to any other entity, other than those referred to in the above items" (Request No. 39); " Documents evidencing a breakdown of monthly business or other expenses" (Request No. 43); and "Minutes of all directors, shareholders, and committee meetings for the last five years" (Request No. 50). *See* Exh. C. To clarify, Ty seeks to compel production of items dating from October 3, 1997 to the present.

18.     Further, ascertaining whether assets have been secreted or fraudulently transferred to avoid execution necessarily requires Ty to carefully review detailed financial documents and records. *See Collier*, 812 S.W.2d at 373. It is necessary for Ty to determine when assets were transferred, to whom and for what purpose. These include items which have already been produced -- such as tax returns -- and records which have not been produced which may show the nuances of Laux Designs' cash flow history. It is precisely Ty's intent to discover all records which may reflect co-mingled assets, potentially fraudulent transfers, and a failure to follow corporate formalities.[7] Ty is, therefore, entitled to obtain all of the above-mentioned items, which are relevant to and in aid of enforcement of its judgment.

**Interrogatories**:     **Full and Complete Responses to Ty's Interrogatories Should Be Compelled as Relevant to Aid in the Enforcement of Ty's Judgment**

19.     Drawing on the principles set forth above, this Court should also require complete responses to the following Interrogatories:

> Interrogatory No. 15: At any time in the last five years has the corporation used the services of an accountant, bookkeeper or certified public accountant or had such services employed in its behalf? If so, please identify the name and address of the person, the dates during which the services were employed, a description of the services the person performed, the reason the person's services were employed, and the content of the resulting reports.
> Interrogatory No. 17: In the last five years, has the corporation furnished a financial statement to any person or entity? If so, for each financial statement please identify the name and address of each person or entity to whom it was furnished, the date it was furnished and the contents of the statement. (*See* Exh. D).

20.     Laux Designs did not describe the accounting services provided or the content of resulting reports. (*See* Exh. F, No. 15). More importantly, in an evasive response to a direct interrogatory concerning Laux Designs' financial statements, Laux Designs stated:

---

[7] For example, documents reflecting a disregard of the corporate form as evidenced by corporate minutes and meetings (or lack thereof) may be relevant to a claim of alter ego or piercing the corporate veil. *See Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986).

"I don't know whether a "financial statement" was furnished by the corporation to anyone in the last five years. However, the corporation did furnish some financial information to Ty, Inc. during the pendency of this lawsuit and also furnished some financial information to the Defendants in [a legal malpractice lawsuit]."
(*See id.*, No. 17).

This is nothing more than a thinly-veiled attempt to evade a simple, pointed question concerning Laux Designs' financial statements. Again, determining whether assets may have been secreted in order to avoid execution is clearly relevant to aid Ty in enforcement of its judgment. Thus, information concerning Laux Designs' financial statements is clearly discoverable. This Court should, therefore, compel full and complete responses to Interrogatories.

## CONCLUSION AND PRAYER

For the foregoing reasons, Ty respectfully submits that Laux's Designs's objections should be overruled and full and complete responses and documents compelled. In this case, there can be no justification for Laux Designs' conduct concerning Ty Inc.'s Interrogatories and Requests for Production. *See* FED. R. CIV. P. 37(a)(4).

WHEREFORE, PREMISES CONSIDERED, Ty Inc. requests the Court to: grant its Motion to Compel; order Laux Designs to fully and completely respond to Ty Inc.'s Interrogatories and Requests for Production within five (5) days; order Laux Designs to produce all responsive documents to Ty Inc.'s Requests for Production within five (5) days; award Ty Inc. its reasonable attorneys' fees and expenses in the amount of $2,200.00 incurred in preparing and presenting this Motion; and grant such other and further just and equitable relief.

Respectfully submitted,

WELSH & KATZ, LTD.
 James P. White
 J. Aron Carnahan
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois  60606
(312) 655-1500
(312) 655-1501 (fax)

and

DONOHOE, JAMESON & CARROLL, P.C.
    William Frank Carroll
    State Bar No. 03892500
    Jill G. Adams
    State Bar No. 00790203


By: *William Frank Carroll/JGA*
    William Frank Carroll

    3400 Renaissance Tower
    1201 Elm Street
    Dallas, Texas 75270-2120
    (214) 747-5700
    (214) 744-0231 (fax)

ATTORNEYS FOR PLAINTIFF
TY INC.

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attempted to resolve by agreement the discovery disputes presented herein by letters dated May 14, 17, 21, and June 1, 2001, to Jim Pennington, counsel for Laux Designs, Inc. The undersigned counsel also spoke with Mr. Pennington on at least two occasions concerning the discovery disputes which form the basis of this Motion without successful resolution. Most recently, on June 18, 2001, in response to the undersigned's correspondence of same date, Mr. Pennington advised that he will not withdraw his objections to Ty's discovery. According to Mr. Pennington, documents responsive to Ty's Request for Production No. 27 (concerning patents and copyrights), will be produced. However, Mr. Pennington was unable to agree at this time to the remaining issues presented in Ty's motion. Thus, an agreement could not be reached on the merits of all of the issues presented in the foregoing motion. Accordingly, this motion is presented for determination by the Court.

JILL G. ADAMS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon the following counsel of record for Laux Designs, Inc. by facsimile and certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure on this, the 19th day of June, 2001:

> James E. Pennington, Esq.
> Law Offices of James E. Pennington
> 8533 Douglas Avenue, Suite 975
> Dallas, Texas  75225

William Frank Carroll